MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

VICTOR XOCHIMITL AMASTAL and JORGE
ALBERTO FLORES RODRIGUEZ, *individually and on
behalf of others similarly situated,*

*Plaintiffs*,

-against-

ALTAWHID FOOD SUPPLY INC. (d/b/a THE HALAL
GUYS), MOHAMED ABOUELENEIN, ABDELBASET
ELSAYED, and AHMED ELSAKA
*Defendants.*
-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Victor Xochimitl Amastal and Jorge Alberto Flores Rodriguez ("Plaintiffs"),

individually and on behalf of others similarly situated, by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Altawhid Food

Supply Inc. (d/b/a The Halal Guys), Mohamed Abouelenein, Abdelbaset Elsayed, and Ahmed

Elsaka (collectively "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiffs are former employees of Altawhid Food Supply Inc. (d/b/a The Halal

Guys), Mohamed Abouelenein, Abdelbaset Elsayed, and Ahmed Elsaka.

2.     Defendants own, operate, and/or control a Middle Eastern food chain which has a

food warehouse located at 10-02 34th Avenue, Long Island City, New York 11106.

3.      Plaintiffs were employees of Defendants.

4.      Plaintiffs were employed as cooks, dishwasher, stocker and food preparers.

5.      Plaintiff Xochimitl regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours per week that he worked.

6.      Plaintiff Flores regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours per week that he worked.

7.      Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiff Xochimitl appropriately for any hours he worked either at the straight rate of pay or for any additional overtime premium.

8.      Defendants also failed to maintain accurate recordkeeping of the hours worked for Plaintiff Flores and failed to pay Plaintiff Flores appropriately for any hours he worked over 40.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Xochimitl and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

12.     Further, Defendants failed to pay Plaintiff Xochimitl the required "spread of hours" pay for any day in which he worked over 10 hours per day.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Victor Xochimitl Amastal*

17.     Plaintiff Xochimitl is an adult individual residing in Kings County, New York.

18. Plaintiff Xochimitl was employed by Defendants from approximately 2008 until on or about March 31, 2017.

*Plaintiff Jorge Alberto Flores Rodriguez*

19. Plaintiff Flores is an adult individual residing in Queens County, New York. Plaintiff Flores was employed by Defendants from approximately February 2015 until on or about April 2017.

20. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Defendants*

21. At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a Middle Eastern food chain with a food warehouse located at 10-02 34th Avenue, Long Island City, New York 11106.

22. Upon information and belief, Altawhid Food Supply Inc., (d/b/a The Halal guys), is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, Altawhid Food Supply Inc. maintains its principal place of business at 10-02 34th Avenue, Long Island City, New York 11106.

*Defendant Mohamed Abouelenein*

23. Defendant Mohamed Abouelenein is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24. Defendant Mohamed Abouelenein is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

25.     Upon information and belief, Defendant Mohamed Abouelenein possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

26.     Defendant Mohamed Abouelenein determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Abdelbaset Elsayed*

27.     Defendant Abdelbaset Elsayed is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

28.     Defendant Abdelbaset Elsayed is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

29.     Upon information and belief, Defendant Abdelbaset Elsayed possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

30.     Defendant Abdelbaset Elsayed determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant Ahmed Elsaka*

31.     Defendant Ahmed Elsaka is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

32.     Defendant Ahmed Elsaka is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

33.     Upon information and belief, Defendant Ahmed Elsaka possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

34.     Defendant Ahmed Elsaka determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

### FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

35.     Defendants operate a Middle Eastern food chain under the name "The Halal Guys," with a food warehouse in the Long Island City section of Queens County.

36.     Upon information and belief, individual defendants Mohamed Abouelenein, Abdelbaset Elsayed, and Ahmed Elsaka possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

39.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

41.     Upon information and belief, individual defendants Mohamed Abouelenein, Abdelbaset Elsayed, and Ahmed Elsaka operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

    a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    b.   defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

    f.   intermingling assets and debts of their own with the Defendant Corporation;

    g.   diminishing and/or transferring assets to protect their own interests; and

    h.   other actions evincing a failure to adhere to the corporate form.

42.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

43.     In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used daily at the food warehouse, such as meat, rice and Middle Eastern spices were produced outside the state of New York.

### Individual Plaintiffs

45.     Plaintiffs are former employees of Defendants, who were employed as cooks, dishwasher, stocker and food preparers.

46.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Victor Xochimitl Amastal

47.     Plaintiff Xochimitl was employed by Defendants from approximately 2008 until on or about March 31, 2017.

48.     Plaintiff Xochimitl worked as a food preparer.

49.     Plaintiff Xochimitl regularly handled goods produced in interstate commerce, such as rice, sauces and other ingredients produced outside the state of New York.

50.     Plaintiff Xochimitl's work duties required neither discretion nor independent judgment.

51.     Plaintiff Xochimitl regularly worked in excess of 40 hours per week.

52.     From approximately April 2011 until on or about December 2011, Plaintiff Xochimitl worked from approximately 10:30 p.m. until on or about 9:30 a.m. seven days a week (typically 77 hours per week).

53.     From approximately January 2012 until on or about December 2014, Plaintiff Xochimitl worked from approximately 12:00 a.m. until on or about 9:00 a.m. six days a week (typically 54 hours per week).

54.     From approximately January 2015 until on or about December 2015, Plaintiff Xochimitl worked from approximately 5:00 a.m. until on or about 2:00 p.m. six days a week (typically 54 hours per week).

55.     From approximately January 2016 until on or about March 31, 2017, Plaintiff Xochimitl worked from approximately 3:00 a.m. until on or about 12:00 p.m. six days a week (typically 54 hours per week).

56.     From approximately April 2011 until on or about December 2015, Plaintiff Xochimitl was paid his wages in cash.

57.     From approximately January 2016 until on or about March 31, 2017, Plaintiff Xochimitl was paid his wages in a combination of checks and cash.

58.     From approximately April 2011 until on or about December 2011, Plaintiff Xochimitl was paid a fixed salary of $500.00 per week.

59.     From approximately January 2012 until on or about December 2012, Plaintiff Xochimitl was paid a fixed salary of $600.00 per week.

60.     From approximately January 2013 until on or about December 2013, Plaintiff Xochimitl was paid a fixed salary of $650.00 per week.

61.     From approximately January 2014 until on or about December 2014, Plaintiff Xochimitl was paid a fixed salary of $700.00 per week.

62.     From approximately January 2015 until on or about March 31, 2017, Plaintiff Xochimitl was paid a fixed salary of $800.00 per week.

63.     Prior to 2013, Plaintiff Xochimitl was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

64.     Furthermore, Defendants did not provide Plaintiff Xochimitl with a statement of wages with each payment of wages, as required by NYLL 195(3).

65.     Instead, in order to release Plaintiff Xochimitl's pay, defendants required him to sign a document, which falsely stated an incorrect amount of wages and that he had only worked 40 hours.

66.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Xochimitl regarding overtime and wages under the FLSA and NYLL.

67.     Defendants never gave any notice to Plaintiff Xochimitl, in English and in Spanish (Plaintiff Xochimitl's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jorge Alberto Flores Rodriguez*

68.     Plaintiff Flores was employed by Defendants from approximately February 2015 until on or about April 2017.

69.     Plaintiff Flores worked as a cook, dishwasher, and stocker.

70. Plaintiff Flores regularly handled goods produced in interstate commerce, such as rice, sauces, and other ingredients produced outside the state of New York.

71. Plaintiff Flores' work duties required neither discretion nor independent judgment.

72. Plaintiff Flores regularly worked in excess of 40 hours per week.

73. From approximately February 2015 until on or about July 2015, Plaintiff Flores worked as a cook from approximately 6:00 a.m. until on or about 3:00 p.m. six days a week (typically 54 hours per week).

74. From approximately August 2015 until on or about August 2016, Plaintiff Flores worked as a dishwasher from approximately 12:00 a.m. until on or about 9:00 a.m. six days a week (typically 54 hours per week).

75. From approximately September 2016 until on or about April 2017, Plaintiff Flores worked as a dishwasher and stocker from approximately 3:00 a.m. until on or about 12:00 p.m. six days a week (typically 54 hours per week).

76. Throughout his employment with Defendants, Plaintiff Flores was paid his wages in cash.

77. From approximately February 2015 until on or about July 2015, Plaintiff Flores was paid a fixed salary of $490 per week.

78. From approximately August 2015 until on or about April 2017, Plaintiff Flores was paid a fixed salary of $570 per week.

79. Defendants did not provide Plaintiff Flores with a statement of wages with each payment of wages, as required by NYLL 195(3).

80.     Instead, in order to release Plaintiff Flores' pay, defendants required him to sign a document, the contents of which he was not allowed to review.

81.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

82.     Defendants never gave any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

83.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and or overtime and spread of hours pay as required by federal and state laws.

84.     Throughout their entire employment with Defendants, Plaintiffs were paid their wages either in cash or in a combination of check and cash.

85.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL by not paying Plaintiffs the wages required under these laws.

86.     Prior to 2013, defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.     In addition, in order to release Plaintiffs' pay, defendants required them to sign a document, which falsely stated an incorrect amount of wages and that Plaintiffs had only worked 40 hours.

88.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

89.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

90.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

92.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiffs bring these FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

95.     At all relevant times, Plaintiffs, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and or overtime pay, and willfully failing to keep accurate records required by the FLSA.

96.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

97. Plaintiff Xochimitl repeats and re-alleges all paragraphs above as though fully set forth herein.

98. At all times relevant to this action, Defendants were Plaintiff Xochimitl employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Xochimitl (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

99. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101. Defendants failed to pay Plaintiff Xochimitl (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102. Defendants' failure to pay Plaintiff Xochimitl (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103. Plaintiff Xochimitl (and the FLSA Class members) were damaged in an amount to be determined at trial.


## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

104. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

106.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

108.    Plaintiff Xochimitl repeats and realleges all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiff Xochimitl's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Xochimitl (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

110.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Xochimitl (and the FLSA Class members) less than the minimum wage.

111.    Defendants' failure to pay Plaintiff Xochimitl (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Xochimitl (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour they worked in excess of forty hours in a workweek.

115.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of NYLL § 663.

116.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

117.    Plaintiff Xochimitl repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to pay Plaintiff Xochimitl's one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

119.     Defendants' failure to pay Plaintiff Xochimitl an additional hour's pay for each

day Plaintiff Xichomitl's spread of hours exceeded ten hours was willful within the meaning of

New York Lab. Law § 663.

120.     Plaintiff Xichomitl was damaged in an amount to be determined at trial.


## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

121.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.     Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other

information as required by NYLL §195(1).

123.      Defendants are liable to each Plaintiff in the amount of $5,000, together with

costs and attorneys' fees.


## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

124.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

125.     With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular

hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

126.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Xochimitl and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(f)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and or overtime wages, and damages for any improper deductions or credits

taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and or overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Xochimitl and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Xochimitl and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and or overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(o)     Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the total amount of MINIMUM WAGE, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

p. Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q) Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 21, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  /s/ Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 13, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     **Jorge Alberto Flores Rodriguez**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

13 de abril de 2017

Date / Fecha:

April 11, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Victor Xochimitl Amastal

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de abril de 2017